JOANNE M. FRASCA (BAR NO. 102684)
joanne.frasca@ffslaw.com
JOHN D. VAN ACKEREN (BAR NO. 240739)
john.vanackeren@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1920 Main Street, Suite 1050
Irvine, California 92614
Telephone: (949) 252-2777
Facsimile: (949) 252-2776

NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiff SENTINEL
OFFENDER SERVICES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SENTINEL OFFENDER SERVICES, LLC, a Delaware limited liability company,<br><br>   Plaintiff,<br><br>vs.<br><br>G4S SECURE SOLUTIONS (USA), INC., a Florida corporation, and DOES 1 through 20, inclusive,<br><br>   Defendants. | Case No. SACV 14-00298 JLS (JPRx)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER** |

Having received and considered the parties' revised Stipulated Protective Order, which is identical to the originally filed [Proposed] Stipulated Protective Order [Dkt. 34] except for the specific changes ordered by Magistrate Judge Jean P. Rosenbluth in her Order dated March 26, 2015 [Dkt. 35], and good cause appearing,

THE PARTIES ARE HEREBY ORDERED to abide by the terms and conditions agreed upon in the Stipulation as follows:

1.   This Stipulated Protective Order (hereinafter "Order") shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to

2515500.4

1

[PROPOSED] STIPULATED PROTECTIVE ORDER

1. requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2. Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained, and includes information that a party reasonably and good faith believes constitutes or contains trade secrets, or otherwise constitutes business proprietary and/or confidential material, or other confidential research, development, or commercial information.

3. Confidential – Attorneys Eyes Only information is information which any party reasonably and in good faith believes to constitute highly confidential or proprietary information and to be of an extremely sensitive nature such that disclosure to any party to this litigation, or non-qualified persons (as defined below) could cause competitive harm.

4. By designating RECORDS as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated by stamping the relevant page or pages of the document produced to a party with the

FREEMAN, FREEMAN & SMILEY, LLP
1920 MAIN STREET, SUITE 1050
IRVINE, CALIFORNIA 92614
(949) 252-2777

legend "CONFIDENTIAL."  . Only those portions of a document that deserve protection should be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY;" the "CONFIDENTIAL" designation shall not appear on a page of a document unless that page includes such information.

5. Testimony taken at a deposition, discovery conference, or other discovery proceeding may be designated as confidential by making a statement to that effect on the record at the deposition or other discovery proceeding. Arrangements shall be made with the court reporter taking and transcribing such discovery proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

6. Due to the large volume of electronically stored information in the possession, custody, or control of the parties and concerns regarding attorney-client privilege and work product protection, in order to facilitate the production of electronically stored information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials, the inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party, or certify that the receiving party has destroyed such information and all copies thereof, within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or documents by the other party prior to such later designation shall not be deemed a violation of the provisions of this

1  Stipulated Protective Order.

2        7.    The inadvertent failure to designate qualified information or items does
3  not, standing alone, waive the designating party's right to secure protection for such
4  material under this Order. Upon correction of a designation, the recipient of any
5  RECORDS designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'
6  EYES ONLY must make reasonable efforts to assure that the material is treated in
7  accordance with the provisions of this Order.

8        8.    RECORDS designated as confidential under this Order, the information
9  contained therein, and any summaries, copies, abstracts, or other documents derived
10 in whole or in part from material designated as confidential (hereinafter
11 "Confidential Material") shall be used only for the purpose of the prosecution,
12 defense, or settlement of this action, and for no other purpose.

13       9.    Confidential Material produced pursuant to this Order may be disclosed
14 or made available only to the Court, to counsel for a party (including the paralegal,
15 clerical, and secretarial staff employed by such counsel), and to the "qualified
16 persons" designated below:

17       (a)    a party, or an officer, director, in house counsel, or employee of a
18 party deemed necessary by counsel to aid in the prosecution, defense, or settlement
19 of this action;

20       (b)    experts or consultants (together with their clerical staff) retained
21 by such counsel to assist in the prosecution, defense, or settlement of this action;

22       (c)    court reporter(s) employed in this action;

23       (d)    a witness at any deposition or other proceeding in this action;

24       (e)    any mediator or settlement officer, whom the parties have elected
25 or consented to participate in the case, provided, however, that in the event that a
26 magistrate judge is sitting as a settlement officer, he or she shall be exempt from
27 being required to execute a nondisclosure agreement; and

28       (f)    any other person as to whom the parties in writing agree.

FREEMAN, FREEMAN & SMILEY, LLP
1920 MAIN STREET, SUITE 1050
IRVINE, CALIFORNIA 92614
(949) 252-2777

Prior to receiving any Confidential Material, each "qualified person" listed in subparagraphs 9(b)-(f) other than any magistrate judge sitting as a settlement officer as provided for in subparagraph 9(e) above, shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be maintained by counsel for the party that discloses such information to the "qualified person."

10. Depositions shall be taken only in the presence of qualified persons.

11. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material"), in the manner described in paragraph 4 above. Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 9(b) through (f) above, but shall not be disclosed to a party, or to an officer, director, in house counsel or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

12. Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

13. A party that seeks to file in Court any RECORDS designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY must comply with the procedures and requirements set forth in Civil Local Rule 79-

5, Paragraph 9 (a) of the Initial Standing Order for Cases Assigned to Judge Josephine L. Staton filed on March 4, 2014 [Dkt. 9], and Magistrate Judge Jean P. Rosenbluth's practices and procedures.

14. In the event that any Confidential Material or Attorneys' Eyes Only Material is used in any deposition, discovery conference, or other discovery proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

15. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. Any proceeding brought by the parties under this paragraph must comply with Local Rule 37. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

16. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, the party challenging the designation may request appropriate relief from the Court, but must comply fully with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement. The burden of proving that RECORDS have been properly designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be on the party making such designation.

17. This Order is entered solely for the purpose of facilitating the exchange

of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

18. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material or Attorneys' Eyes Only Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within sixty (60) days after the termination of the above-entitled litigation, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO ORDERED.

DATED:  April 1, 2015

MAGISTRATE JUDGE OF THE DISTRICT COURT

_____
Hon. Jean P. Rosenbluth

## ATTACHMENT A
## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Sentinel Offender Services, LLC v. G4S Secure Solutions (USA) Inc.*, United States District Court for the Central District of California, Civil Action No. SACV 14-00298, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____     _____

FREEMAN, FREEMAN & SMILEY, LLP
1920 MAIN STREET, SUITE 1050
IRVINE, CALIFORNIA 92614
(949) 252-2777